■ In the Matter of the Claim of CARRIE SEWELL, Respondent, v ROOSEVELT HOTEL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 30, 1976. Claimant was awarded a schedule loss of use of 40% of the right hand. On this appeal appellants maintain there is no substantial evidence to support the board's decision and that the board's refusal to give appellants an opportunity to examine claimant's hospital

records was arbitrary and capricious. The record contains no sworn testimony. It establishes, however, that claimant claimed an injury to her right thumb; that her attending physician treated her for an infectious process of the right thumb; and that X rays of the right thumb were taken at the hospital. The referee's notice of decision dated June 5, 1974 contains the following: "DECISION: Case was continued; accident notice causal relation, right thumb." In the State's doctor's report it was stated that claimant complained of numbness of the right thumb and following surgery on the right thumb she developed stiffness of the right index finger for which she stated she received treatment at the hospital. The doctor concluded in this report that there was a schedule loss of use of 40% of the right hand. The board found claimant had a causally related schedule loss of 40% loss of the right hand. From our examination of the record, we are of the view that there is no medical evidence to establish causal relation between the schedule loss and the original injury. The decision, therefore, must be reversed and the case remitted for further development of the record. Since there is to be a remittal we direct that the carrier be afforded an opportunity to examine claimant's hospital records. Decision reversed, without costs, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.